The Honorable Tom Wynne Prosecuting Attorney 13th Judicial District P.O. Box 748 Fordyce, AR 71742
Dear Mr. Wynne:
This is in response to Chief Deputy Prosecuting Attorney Pat Jackson Compton's request for an opinion concerning the authority of a municipal judge with regard to the levying of court costs and the suspension of fines.[1]
You note that there are various ordinances in place in Union County enacting court costs that are provided for by state statute.[2] You state that shortly after he took the bench in January of 1991, the El Dorado municipal judge made the decision that he would levy only certain of these court costs "most of the time." The judge has apparently changed his mind, however, and he currently levies all the court costs enacted by ordinance in the county. You state that the judge has requested that you seek an opinion as to whether he actually had authority to do what he had been doing. Your specific questions will be set out below and answered in the order posed.
 1. Does the municipal judge have the authority to pick certain court costs to be enforced to the exclusion of all others, even when an ordinance has been enacted by the local body of government to enforce those costs?
 2. What is a municipal judge's discretion in suspending all or part of a fine?
It is my opinion, in response to your first question, that a municipal judge does not have the authority to disregard state statutes, activated through local ordinances, mandating the levy of court costs.
With regard to this issue, the Arkansas Supreme Court has noted that cities and towns are creatures of the legislature, subject to its control, and they can function only within limits fixed by law. Kitchens v. City of Paragould, 191 Ark. 940, 88 S.W.2d 843
(1936). Accordingly, municipalities may exercise only such power that is not inconsistent with the general laws of the state. The legislature is also authorized, subject to constitutional restrictions, to prescribe the powers and functions of judges.See 48A C.J.S. Judges § 53 (1981). These functions, powers, and duties are generally considered judicial in nature. A judge may, however, be authorized or required to perform acts of a ministerial character as well. The particular judicial or ministerial duties which may be required or authorized depend on the constitutional or statutory provisions granting the authority or imposing the requirement. The act of a judge is ordinarily deemed judicial where it involves the exercise of judgment and discretion. 48A C.J.S. Judges § 55 (1981). Ministerial acts, on the other hand, are those which involve obedience to instructions, but demand no special discretion, judgment or skill. See Black's Law Dictionary 899 (5th ed. 1979). Ministerial duties, not being inherent, must be performed in strict accordance with the statute. 48A C.J.S. Judges § 55 (1981). Particular acts which have been held judicial in character include the approval of the appointment of a deputy clerk, acting as conservator of the peace, and the granting of bail. Other acts have been held ministerial, including the exercise of powers in a condemnation case, the signing of an order in a matter tried by a judge since deceased, and the taking of a deposition. Id.
The Arkansas Supreme Court has stated: "The legislature may authorize a judge to do a ministerial act in no way inconsistent with, or repugnant to, his judicial function under the constitution." Oates v. Rogers, 201 Ark. 335, 344,144 S.W.2d 457 (1940), citing Clayton v. Johnson, 36 Ark. 406 (1880). At issue in Clayton was a statute which required an assignee for the benefit of creditors to file the assignment, and his inventory and bond, with the probate clerk, and required the bond to be approved by the probate court. The court noted that "the approval of such a bond is a ministerial act, which, like the taking of the acknowledgments of deeds, might be entrusted to any officer, at the pleasure of the legislature." 36 Ark. at 413.
For many of the court costs mentioned in your request there is a statutory mandate that the cost be levied; the levy of others is mandatory only if the local governing body has enacted enabling legislation for their assessment. As you have noted in your request, however, Union County has provided for the levy of each of the court costs set out in your letter through the enactment of various ordinances.
The levy of these costs would, in my opinion, be in the nature of a ministerial act, as the legislature, through state statutes, has instructed that the costs be levied in the noted instances. No discretion is thus required on the part of a judge in determining whether to levy the costs. The municipal judge may therefore not, in my opinion, lawfully decline to levy these statutorily mandated costs.
With regard to your second question, it is my opinion that a municipal judge has considerable discretion to suspend all or part of a fine.
Arkansas Code Annotated § 16-17-118 (1987) states that "[e]ach judge of the municipal court shall have the same power to postpone or suspend sentence in misdemeanor cases as is conferred upon the circuit judges of the state." The power of a circuit judge to suspend imposition of a sentence of either imprisonment or a fine is set out at A.C.A. §§ 5-4-301—321 (1987 Cum. Supp. 1991). See also Rhoades Emmerling v. State, 270 Ark. 962,607 S.W.2d 76 (1980). Additionally, the power to suspend execution of a sentence is set out at A.C.A. § 16-90-115(a)(1) (1987), which states that "[i]n all instances where courts have the authority to suspend the imposition of sentences or otherwise grant suspensions, the courts may also suspend execution of sentences under the same circumstances."
Accordingly, the municipal judge may, in my opinion, suspend all or part of a sentence of a fine in accordance with the above provisions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh
[1] While your letter makes reference to "collecting," "enforcing," and "assessing" court costs, it is my understanding from conversations subsequent to your request that you are referring to the "levy" of court costs.
[2] These include the costs set out for the Prosecuting Attorney Fee (A.C.A. § 21-6-410 (Cum. Supp. 1991)); the Arkansas State Police Retirement Fund (A.C.A. § 16-92-110 (Cum. Supp. 1991)); the Legal Education Fund (A.C.A. § 6-64-603 (Cum. Supp. 1991)); the Law Library Fund (A.C.A. § 16-23-103 (Cum. Supp. 1991); the Municipal Retirement Fund (A.C.A. § 24-8-303 (Repl. 1992)); the "Act 651 of 1983 Fund" (i.e., the Arkansas Code Revision Fund, A.C.A. § 1-2-306 (Cum. Supp. 1991)); the "Criminal" or "Criminal Justice Fund" (I assume that you are referring to that fund established for costs assessed upon conviction of drunkenness or driving while under the influence of intoxicants set out at A.C.A. § 16-17-109 (Cum. Supp. 1991)); the Administration of Justice Fund (A.C.A. § 16-17-113 (Cum. Supp. 1991)); the "Police Pension Fund" (i.e., the Policeman's Pension and Relief Fund, A.C.A. §§ 27-50-401 -403 (Cum. Supp. 1991)); the "Alcohol/Drug Program" (i.e., the Alcohol and Drug Abuse and Crime Prevention Program, A.C.A. § 16-92-116 (Cum. Supp. 1991)); the "Crime Victims Act" (i.e., the Crime Victims Reparations Revolving Fund, A.C.A. § 16-90-718 (Cum. Supp. 1991)); the Jail Maintenance Fund (A.C.A. § 12-41-617 (Cum. Supp. 1991)); the Victim Witness Case Coordinator Fund (A.C.A. §16-21-106 (Cum. Supp. 1991)); and the Indigent Defense Fund (A.C.A. § 14-20-102 (Cum. Supp. 1991)).